THERESA BUSH v. NEW AMSTERDAM CASUALTY CO.

Argued May term. 1924—Decided September 24, 1924.

**Insurance—Accident—Evidence That Death Was Result of Accident—Allegation of False Representation in Application Not Sustained.**

On rule to show cause, Essex Circuit Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Edwards & Smith.*

*Contra, Stein, Stein & Hannoch.*

PER CURIAM.

This is defendant's rule to show cause why a new trial should not be granted. The plaintiff is the beneficiary mentioned in a health and accident policy issued by the defendant company to Sherman Bush, her husband, deceased. The verdict was for $8,298, but the amount of recovery is not disputed, the insistence being that plaintiff is entitled to the amount of the judgment, or to nothing. Two contentions were urged by the defendant at the trial: (1) that the death of the insured did not occur as the result of the accident, and (2) that the policy was issued as a result of a false representation, and that therefore the defendant is not liable upon it. We observe no merit in either of these points.

The facts in evidence were that Mr. Bush started to go down the front steps of a home which he had been visiting, and slipped and fell, from which accident it was manifest that he was hurt. He was taken in an automobile to his home, and put to bed, which he never left until he died. It appeared that he had broken his leg, and he complained of pain in his back and abdomen. His death, according to

the physician, was caused by heart failure due to abdominal pressure. Prior to the accident his general health had been good.

The court instructed the jury: "If you find that Mr. Bush's death was partly due to the fracture of his leg and partly to some other illness, then there can be no recovery, because the accident was not the sole cause of his death." This charge was extremely favorable to the defendant. Indeed, it places a greater burden upon the plaintiff than the requirements of law. Since there was ample evidence to support the finding of the jury. We think the verdict should not be disturbed upon that ground.

With respect to the contention that the policy was issued as the result of a false application, we think there is no merit in the contention. The policy alleges that the application attached is a copy of the application, and the fact appears to be that the application was not signed by anybody. It is undisputed that since Mr. Bush's boyhood he had suffered from a physical infirmity, his left leg being somewhat shorter than the other, and that he used a crutch to assist him in walking. This physical disability was entirely visible to the defendant's agents. The application which was not signed says: "I am in sound condition mentally and physically, except as follows: No exceptions."

The evidence discloses that Mr. Bush had never applied for this insurance, and had never requested the issuance of the policy. It was issued by Lippmann, the general agent of the defendant in Newark, who knew Bush for thirty-five years, and twenty-five years ago he had issued a policy to him in another company, and when that company retired from business, he had rewritten the policy in another company, and when that company retired from business he had issued that policy in still another company.

It further appears that the paper purporting to be an application for insurance was prepared in Mr. Lippman's office by a typist and was copied from a previous application, and that in the original policy it appeared that Mr. Bush walked with a crutch, and that the omission to state that fact in the

present application was due to typographical error in the agent's office.

We think the evidence also shows that Mr. Bush had never seen the policy in question, but that it was kept in a safe deposit box, the control of which was in his secretary. The company having failed to obtain a signed application must be held to have waived the requirement for the application in this respect. *Carson* v. *Insurance Co.*, 43 *N. J. Law* 300. Therefore, since the application was never signed by Mr. Bush or by anyone in his behalf, and its execution was never ratified by him, it is not binding upon him. Aside from this and assuming the application to have been complete, it has been declared by the Court of Appeals of Maryland that a defective leg will not operate *per se* a breach of warranty of physical soundness. *Maryland Cas. Co.* v. *Gehrmann*, 96 *Md.* 634; 54 *Atl. Rep.* 678.

The result is that the rule must be discharged.